[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
The applicant claims to be the daughter of Dominic Conti who died intestate on February 1, 2001. She seeks a court order permitting the exhuming of Mr. Conti's body so that DNA tests can be conducted and the appropriate processes followed to determine whether, in fact, he was her father. The purpose of her application, ultimately, is to proceed in the New Haven Probate Court for a determination of the heirs of Mr. Conti's estate.
The application is opposed by the administratrix of the estate.
 DISCUSSION I
Though there appears to be no statutory or case law requirement that the applicant make such a showing, the court ordered that the applicant testify in support of her position to demonstrate some basis for her claim.
She testified as to conversations with the deceased, how she came to speak with him, and of her belief that he was her father since she was 16 years old.
After hearing her, the court concluded that she had a reasonable belief of the decedent's paternity and that her application should be considered.
 II
The applicant cites two Connecticut trial court decisions in support of her position. While neither case involves a child seeking to prove the CT Page 2818 paternity of a deceased person, they are significant in that they are so similar. In Hornbeck Administratrix v. Simmons, 1994 WL 506620
(Conn.Super. Sept 6, 1994) No. 705309, 12 Conn.L.Rptr. 417, the purpose of the exhumation was to exclude a decedent as the father. In Lach v.Welch, 1997 WL 536 330 (Conn.Super. Aug. 15, 1997), 20 Conn.L.Rptr. 39, the application was identical in purpose to this case with the mother of a minor child seeking to establish the paternity of the decedent.
The court is satisfied that it has the authority to grant the application.
 III
The defendant further argues that Section 45a-438 of the General Statutes requires the applicant to show that the decedent acknowledged her in writing and treated her openly as his child in order to secure a paternity judgment from the Probate Court.
This claim fails to consider the wording of the entire section and to take into account the fact that the clause relied on is one of three alternatives and a prior clause permits the father to be considered a parent if he has been adjudicated the father by a court of competent jurisdictions.
To suggest that paternity can only be established in this one way is a gross misapplication of case law and the statutes pertaining to paternity and intestate inheritance.
 IV
Section 46b-168 (a) reads in pertinent part as follows:
Genetic tests when paternity is in dispute. Assessment of costs. (a) In any proceeding in which the question of paternity is at issue the court or a family support magistrate, on motion of any party, may order genetic tests . . . to determine whether or not the putative father or husband is the father of the child. The results of such tests, whether ordered under this section or required by the IV-D agency under section 46b-168a, shall be admissible in evidence . . .
This language would appear to negate the defendant's claim that DNA test results would be irrelevant and inadmissible in the Probate Court.
This claim is without merit, particularly in view of the progress which has been made in the file of DNA testing and its general acceptance in CT Page 2819 every field of endeavor. (See Lach v. Welch, supra, pages 5 6.)
 CONCLUSION
The application of Linda A. Brancato is granted and the body of Dominic Conti is ordered to be exhumed for DNA testing, the results of which shall be provided to the Probate Court for the District of New Haven.
The applicant shall provide sufficient surety to the administratrix to insure the exhumation process is conducted property and completely, that the re-interment is completed and the grave site restored to its present condition.
 Anthony V. DeMayo Judge Trial Referee
CT Page 2820